UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

_____

**JORDAN OLIVER**, and **JORDAN**
**PETKUS**, individually and on behalf                          Case No.
of all others similarly situated,
                                                                          HON:

       Plaintiffs,

v.

**CORRIGAN MOVING SYSTEMS-GRAND RAPIDS,**
**INC.**, a Michigan corporation; **BRANDON KRESS,**
an individual, **KENNETH PELTY**, an individual,
and **DAVID P. CORRIGAN,**
an individual, jointly and severally,

      Defendants.

_____/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
_____/

## COLLECTIVE AND CLASS ACTION
## COMPLAINT AND JURY DEMAND

    Plaintiffs Jordan Oliver and Jordan Petkus (hereinafter collectively referred to as "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, for their Collective Complaint against Defendants, alleges as follows:

## INTRODUCTION

1.     This case involves the non-payment of overtime compensation by moving company Corrigan Moving Systems, a Michigan corporation, parent company, UniGroup, Inc., a Missouri corporation, Brandon Kress, an individual, Ken Pelty, an individual, and David P. Corrigan, an individual (collectively hereafter "Defendants"). Together, these Defendants, acting as Plaintiffs' joint employers, willfully failed to pay Plaintiffs and all other members of the putative Class the overtime premium mandated by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.     Defendants violated the FLSA by failing to pay their employees, including Plaintiffs, time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

3.     Named Plaintiffs are employees who are entitled to compensation and prompt payment of amounts that the employer owes an employee when the employee works, quits, or is terminated and other compensation that is prescribed by law.

4.     Plaintiffs seek a declaration that their rights, and those of the others similarly situated, have been violated, an award of unpaid wages, an award of liquidated damages, and an award of attorney fees and costs to make them whole for damages they have suffered. At the earliest time possible, Plaintiffs seek permission to send a Court-authorized notice of this action, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals and potential class members,

as defined below.

5.     The unlawful employment policies and pay practices described herein are believed to be systemic, and all misclassified helpers and movers are similarly situated with respect to their job duties and the employment policies and pay practices at issue. The granting of conditional class certification pursuant to 28 U.S.C. §216(b) is therefore appropriate.

## THE PARTIES

### Plaintiffs

6.     Plaintiff Jordan Oliver is a resident of Dorr, Michigan. At all relevant times, Plaintiff Oliver was an employee of Defendants, as defined in 29 U.S.C. § 201 *et seq.* and worked as a helper throughout multiple states including Michigan and other states from May 2007 to present. Plaintiff Oliver has executed his Consent to Sue form, attached hereto as *Exhibit A*.

7.     Plaintiff Jordan Petkus is a resident of Grandville, Michigan. At all relevant times, Plaintiff Petkus was an employee of Defendants, as defined in 29 U.S.C. § 201 *et seq.* and worked as a mover throughout Michigan and other states from 2011 to present. Plaintiff Petkus has executed his Consent to Sue form, attached hereto as *Exhibit B*.

8.     Named Plaintiffs and those similarly situated bring this action on behalf of all current and former persons who were, are, or will be employed by Defendants at any time within the three years prior to the filing of the initial Complaint and through the final disposition of this action, who were, are, or will be eligible for but did not receive overtime compensation as required under the FLSA.

9.     Named Plaintiffs and the putative Class are, for the most part, high school educated individuals with no substantive experience owning or operating a business.

**Defendants**

10.     Defendant Corrigan Moving Systems-Grand Rapids, Inc. (hereinafter referred to as "CMSGR") is a Michigan corporation with its principal place of business located in Grand Rapids, Michigan. Defendant CMSGR is a subsidiary of, wholly owned and operated by, and/or an agent of UniGroup, Inc. d/b/a United Van Lines, Inc.

11.     Defendant CMSGR is one of many entities operating under different names but all are part of one enterprise which is operated and managed by David Corrigan.

12.     Defendant CMSGR provides relocation and assembly services to customers, including but not limited to the following services: residential relocation, automobile relocation, office moving, logistics, and corporate moves. *See* https://www.corriganmoving.com/ (last visited April 3, 2018).

13.     Defendant CMSGR serves various locations across and among Michigan, Illinois, Ohio and other states.

14.     Defendant Kenneth Pelty is an individual who works as a Dispatcher for Defendant CMSGR.

15.     Defendant Pelty is tasked with assigning Plaintiffs and putative class members with their job assignments on a daily basis including the scheduling of overtime.

16.     Defendant Brandon Kress is the general manager of Defendant CMSGR at the Grand Rapids location.

4

17.    Defendant Kress is responsible for the day to day operations of the business including making decisions including but not limited to hiring, firing, compensation, wage adjustments, and promotions of Plaintiffs and putative class members.

18.    Defendant David P. Corrigan is an individual who is the registered agent, President and Director of Defendant CMSGR.

19.    Defendants were directly involved in the decision to wilfully fail to pay the movers and helpers the required overtime rate for all hours worked over 40 hours and to perpetuate and maintain this unlawful compensation system for years.

20.    Defendants made the decision to wilfully underpay movers and helpers as in order to evade their statutory obligations under the wage and hour laws and to pad their profits.

21.    Defendants are joint employers of Plaintiffs and all potential Class members and, as such, are jointly and severally liable for violations of the wage and hour laws set forth in this Complaint.

22.    At all relevant times, Defendants owned and operated a business engaged in interstate commerce utilizing goods moved in interstate commerce as defined in 29 U.S.C. § 203(s).

23.    Defendants, and affiliated entities, constitute an "enterprise" under 29 U.S.C. § 203(r)(1), because they perform related activities through common control for a common business purpose.

## COVERAGE

24.    At all material times, Defendants have been employers, and/or joint employers,

within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

25.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

26.    At all material times, Plaintiffs and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

27.    Plaintiffs were engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

28.    Defendants are an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

29.    Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

30.    Defendants provided training to Plaintiffs and Class Members, controls and has knowledge of the hours to be worked by Plaintiffs and Class Members, and directs their work and determines their compensation.

31.    Defendants maintain communications with Plaintiffs and Class Members and

receives updates as to the status of their work and controls how each assigned task is to be performed by Plaintiffs and Class Members.

## JURISDICTION & VENUE

32.     This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because the claims raise a federal question under 29 U.S.C. § 201, *et seq.*

33.     This Court has jurisdiction over this FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

34.     The FLSA applies in this case on an enterprise basis because Defendants' annual sales exceed $500,000, and Defendants employ more than two persons who engage in interstate commerce  by regularly providing moving and assembly service among and across multiple states.

35.     Defendants' employees are also covered by the FLSA on an individual basis because they engage in interstate commerce by regularly providing moving and assembly service among and across multiple states.

36.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## GENERAL FACTUAL ALLEGATIONS

37.     As a matter of common policy and practice, Defendants failed to pay all of their movers and helpers the required overtime rate for all hours worked over 40 hours per week.

38.    Plaintiffs and the putative Class members were paid overtime only after working more than 50 hours instead of the FLSA mandated 40 hours.

39.    Plaintiffs and putative Class members' worked in the Grand Rapids location with unlawful overtime payment scheme.

40.    Due to Defendants' employment practices, Plaintiffs and the putative Class members routinely worked over 60 hours per week.

41.    As a result, overtime violations occurred. For an example, the typical shift for Plaintiffs would start at 6:00 or 7:00 A.M. and work would normally go to 5:00 or 6:00 P.M., five days a week. Typically, Plaintiffs would work an excess of 40 hours a week. An overtime violation occurred because Defendants failed to pay the overtime premium for all hours worked in excess of 40 hours per week, instead only pays the workers overtime premium after 50 hours.

42.    Defendants employed hundreds of movers and helpers throughout the relevant time period without paying proper overtime pay.

43.    At all relevant times, Defendants directly or indirectly exercised significant control over the wages, hours, and working conditions of Plaintiffs and similarly situated members of the putative Class.

44.    At all relevant times, the employment terms, conditions, and policies that applied to Plaintiffs were the same as those applied to other putative Class members who also worked as movers or helpers for Defendants.

45.    Plaintiffs and members of the putative Class incurred financial loss, injury, and damage as a result of Defendants' wilfully and intentional business practice of failing to provide

adequate overtime pay.

46.    Because Defendants failed to pay their employees proper wages, the putative Class members' income consisted solely of the amounts that Defendants elected to pay Plaintiffs and other movers and helpers for hours between forty (40) and fifty (50) per week. Class members had no ability to negotiate their wages.

47.    Moreover, the determining factor as to whether Plaintiffs and those similarly situated are employees or independent contractors under FLSA is not the workers' election, subjective intent, or any contract. Rather, the test for determining whether an individual is an "employee" under the FLSA is an economic reality test. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947).

48.    It is Defendants' company wide policy and practice to compensate employees like Plaintiffs and those in similar positions on a per day basis regardless of the number of hours worked in a given workweek.

49.    As a result of Defendant's company wide employment policy, Plaintiffs and Class Members were not compensated an overtime wage for all hours worked in excess of forty (40) during a workweek.

50.    As a result of Defendants' company wide employment policy, Plaintiffs and Class Members were not compensated the required overtime premium for all hours worked over forty hours per week.

**INJURY AND DAMAGE**

51.    Like all other putative Class members, Plaintiffs was injured in that they were not

9

paid the overtime wages to which they were entitled to as employees.

52.    Plaintiffs and the putative Class members were entitled to overtime pay for the work they performed for Defendants.

53.    By failing to pay Plaintiffs and the putative Class members overtime pay for hours worked after 40 but before 50 hours and by interfering with their right to retain all of their earnings, Defendants injured them by causing financial loss and damages.

### Willful Violation of the FLSA

54.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs and Class Members at the statutorily mandated overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendant knew or should have known such was due and that non-payment of the proper pay rates would financially injure Plaintiffs and Class Members.

55.    Defendant is a sophisticated business with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

56.    Defendants had full knowledge of their obligation to pay the overtime premium for all hours worked over 40 hours to the Plaintiffs and putative class members.

57.    Defendant Kress worked at the Ann Arbor location for several years prior to working at the Grand Rapids location.

58.    Movers and helpers at other locations were paid overtime for all hours worked over 40 hours per week.

59.    On or about mid 2017, Plaintiffs were assigned to travel to Okemos, Michigan

10

and a group of movers and helpers from Ann Arbor were tasked with assisting on that job.

60.    The Ann Arbor crew were specifically instructed by Defendants that they were not to discuss their pay and the fact that they were paid an overtime premium for all hours worked over forty with the Plaintiffs and the rest fo the Grand Rapids crew.

61.    On or about 2016, Plaintiff Petkus travelled to North Carolina for an assignment.

62.    Plaintiff Petkus was not paid an overtime premium for hours spent traveling or hours worked in excess of 40 hours per week.

63.    A member of the Cleveland branch of the enterprise raised the issue of paying Plaintiff Petkus an overtime premium for hours worked in excess of forty hours per week with Defendant Kress.

64.    Defendant Kress scolded Plaintiff Petkus upon his return to the Grand Rapids location for having spoken to the member of the Cleveland branch about his pay or hours worked.

65.    Defendant Kress specifically instructed Plaintiff Petkus not to discuss his wages or hours worked with anyone.

66.    Defendant Kress has specifically instructed Plaintiff Oliver and members of the putative class not to discuss their wages or hours worked with anyone including each other.

67.    Plaintiffs have specifically raised the issue of failure to pay an overtime premium for hours worked over forty hours per week several times during their employment.

68.    Defendant Kress has misled the Plaintiffs and class members as to their rights on a number of occasions.

69.     Defendant Kress misinformed Plaintiffs and class members by telling them that they were exempt from overtime as to those hours between 40 and 50 hours per week.

70.     Recently, Defendants reversed their unlawful pay practices and have begun correctly paying Plaintiffs and other current employees the required overtime premium for all hours worked over forty hours per week.

71.     Defendants failed to post the required U.S. Department of Labor informational poster and/or misled Plaintiffs and class members as to their rights.

72.     Defendants knew that Plaintiffs and class members were entitled to an overtime premium for all hours worked in excess of forty hours per week but willfully failed to pay them as required under the FLSA and misled them as to their rights whenever their pay practice and policy was questioned.

73.     Plaintiffs and Class Members seek recovery for any claims within the last three years from the filing of this suit. 29 U.S.C. § 255(a).

74.     Plaintiffs and class members are entitled to tolling of the statute of limitations provided under the FLSA beyond the three years.

## COLLECTIVE ACTION ALLEGATIONS

75.     Plaintiffs brings Counts I of this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of all similarly situated current and former workers of Defendants who were subject to Defendants' unlawful pay practice and policy at any time during the last three years.

76.    Named Plaintiffs do not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

77.    Named Plaintiffs do not bring this action on behalf of any individual subject to an exemption from overtime compensation.

78.    A collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), all Defendant's helpers and movers are "similarly situated" to the named Plaintiffs.

79.    The workers Plaintiffs seeks to represent in this case include:

*All individuals who provided moving and assembly services to customers at the request of Corrigan Moving Systems at their Grand Rapids location any time in the past three years* (the "Class").

80.    The collective class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiffs, and their claims are based upon the same legal theory as the individually named Plaintiffs.

81.    The working relationships between Defendants and every putative Class member are the same and differ only in name, location and rate of pay. The key legal issue in the collective action—whether Defendants' compensation policy and practice violates the FLSA—does not vary substantially from Class member to Class member.

82.    Other employees similarly situated to Plaintiffs, work or have worked for Defendant, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty (40) hours per workweek.

13

83.   The Collective Class Members perform or have performed the same or similar work as the Plaintiffs and regularly work or have worked in excess of forty (40) hours during a workweek. Similar to Plaintiffs, Collective Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA. As such, Collective Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime wages.

84.   Defendant's failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Class Members. The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Class Members.

85.   Although the exact amount of damages may vary among Collective Class Members, the damages for the Collective Class Members can be easily calculated by a simple formula. The claims of all Collective Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Collective Class Members.

86.   Plaintiffs estimates the Class, including both current and former workers over the relevant three-year period, will include hundreds of individuals. The precise number of Class members should be readily discernible from a review of Defendants' records.

87.   All actions and agreements by Defendants described herein were willful and intentional, and they were not the result of mistake or inadvertence.

88.   Defendants were aware that the FLSA applies to their business at all relevant

14

times and that, Plaintiffs and class members were not exempt from overtime compensation.

89.    Despite notice of their violations, Defendants continued to wilfully and intentionally failed to properly pay Plaintiffs and the putative class. Defendants knowingly suffered and permitted them to work in excess of 40 hours during a workweek without paying overtime compensation for hours worked between 40 and 50.

90.    The FLSA Collective is readily identifiable and locatable through use of the Defendant's records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## COUNT I – VIOLATION OF THE FLSA
### (Failure to Pay Overtime Wages)
### (Against All Defendants)

91.    Plaintiffs hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

92.    At all relevant times, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

93.    At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and the Class members to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

94.    In accordance with their corporate policies, Defendants jointly and willfully failed

15

to pay Plaintiffs and Class members the federally mandated overtime rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours but below fifty (50) hours per workweek, in violation of the FLSA's requirements, including 29 U.S.C. §§ 207(a)(1) and 215(a).

95.    29 U.S.C. § 207(a)(2)(c) provides in pertinent part:

> No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed.

96.    All similarly situated employees are victims of a uniform and branch-wide enterprise which operates to compensate employees at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been applied to all employees who have worked or are working for Defendants in the same or similar position as Plaintiffs.

97.    Defendant's violations of the FLSA were knowing and willful.

98.    By failing to compensate Plaintiffs and Class Members at a rate not less than the statutorily mandated overtime premium for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 207(a)(1) and § 215(a). Plaintiffs are victims of a uniform and company-wide enterprise which operates to not properly compensate employees. This uniform policy, in violation of the FLSA, has been applied to all employees who have worked or are working for Defendant.

16

99.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the

Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount

in liquidated damages, costs, and reasonable attorneys' fees.

### RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief:

a.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.    Declaring that Defendants willfully violated their obligations under the FLSA and its attendant regulations as set forth above;

f.    Designating Avanti Law Group, PLLC, as Lead Counsel for Plaintiff and Class members on their Collective Action;

g.    Awarding Plaintiff and Class members all available compensatory damages and punitive damages, including, *inter alia*, all unpaid wages owed under applicable law;

h.    Granting judgment in favor of Plaintiff and the Class members and against Defendants and awarding the lost overtime compensation calculated at the rate of one and one-half (1.5) of Plaintiff and Class members' regular rate multiplied by all hours that Plaintiff and Class members worked in excess of forty (40) hours per week during the applicable statutory periods;

i.    Awarding liquidated damages to Plaintiff and Class members in an amount equal to the amount of unpaid overtime found owing to them;

j.    Awarding reasonable attorneys' fees and costs incurred by Plaintiff and Class members in filing this action;

k.    Awarding pre- and post-judgment interest to Plaintiff and Class members on these damages; and

l.    Such further relief as this court deems appropriate.

17

## JURY DEMAND

Plaintiff reserves his right to and hereby requests a trial by jury.

Respectfully submitted,

Date: [month] [day], 2018                AVANTI LAW GROUP, P.L.L.C
                                         /s/ Robert Anthony Alvarez _____
                                         600 28th St. SW
                                         Wyoming, MI 49509
                                         Telephone:(616)257-6807
                                         E-mail: ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 4-15-18


Jordan Oliver

Date: 4-15-18


Jordan Petkus